## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **KARINA C. SHERMAN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | ) |
| | )    **Case No.      CIV-11-378-L** |
| **MICHAEL J. ASTRUE,** | ) |
| **Commissioner of the Social** | ) |
| **Security Administration,** | ) |
| | ) |
| **Defendant.** | ) |

## FINDINGS & RECOMMENDATION
## OF MAGISTRATE JUDGE

Plaintiff brings this action pursuant to 42 U.S.C. §405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying her application for disability insurance benefits (DIB) under 42 U.S.C. §§416(i) and 423. This matter has been referred to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B). The Commissioner has answered and filed the administrative record (hereinafter TR. ___). The parties have briefed their positions and the matter is now at issue. For the reasons stated herein, it is recommended that the Commissioner's decision be **REVERSED AND REMANDED for further administrative proceedings.**

## PROCEDURAL HISTORY

Plaintiff protectively filed her application for DIB on May 9, 2007 alleging a disability since May 10, 2006 (TR. 8). The application was denied on initial consideration and on reconsideration at the administrative level (TR. 8, 47, 48). Pursuant to Plaintiff's request, a hearing *de novo* was held before an ALJ on August 11, 2009 (TR. 18-46). The ALJ issued her decision on November 18, 2009 finding that Plaintiff was not entitled to DIB (TR. 8-17). The Appeals Council denied the Plaintiff's request for review on February 7, 2011, and thus, the decision of the ALJ became the final decision of the Commissioner (TR. 1-3).

## STANDARD OF REVIEW

The Tenth Circuit case of *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800-801 (10th Cir. 1991), sets forth the standard of review for social security disability cases:

> We must affirm the decision of the Secretary if it is supported by substantial evidence. (*citations omitted*). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." (*citations omitted*). In evaluating the appeal, we neither reweigh the evidence nor substitute our judgment for that of the agency. (*citations omitted*). We examine the record as a whole, including whatever in the record fairly detracts from the weight of the Secretary's decision and, on that basis, determine if the substantiality of the evidence test has been met. (*citations omitted*). If, however, the correct legal test in weighing the evidence has not been applied, these limitations do not apply, and such failure constitutes grounds for reversal. (*citations omitted*).

Further, the Tenth Circuit has stated that "[a] finding of no substantial evidence will be found only where there is a conspicuous absence of credible choices or no contrary medical evidence." *Trimiar v. Sullivan*, 966 F.2d 1326, 1329 (10th Cir. 1992) (*citations omitted).*

## THE ADMINISTRATIVE DECISION

In addressing the Plaintiff's disability application, the ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §404.1520.  At step one, the ALJ found that the Plaintiff had not engaged in substantial gainful activity from her alleged onset date of May 10, 2006, so the process continued (TR. 10). At step two, the ALJ concluded that Plaintiff had the severe impairments of status post neck surgery, status post back surgery and degenerative disk disease (TR. 10). At step three, the ALJ found that the Plaintiff did not have an impairment or combination of impairments which met or equaled any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (TR. 14).  At step four, the ALJ found that Plaintiff was able to perform her past relevant work (PRW) as a receptionist (TR. 15). Thus, at step four, the ALJ determined that

Plaintiff was not disabled within the meaning of the Social Security Act and was therefore not entitled to DIB (TR. 16-17).

**ISSUES PRESENTED**

On appeal to this Court, Plaintiff alleges that: (I) the ALJ's step three findings were contrary to law and not supported by substantial evidence; (II) the ALJ's credibility determination was contrary to law and not supported by substantial evidence; and (III) the ALJ's RFC assessment was contrary to law and not supported by substantial evidence.

**ANALYSIS**

**I.     The ALJ's Step Three Findings.**

Plaintiff argues on appeal that the ALJ erred at step three by not finding Plaintiff disabled under Listing 1.04A[1] (See Plaintiff's Brief at pages 9-14). At step three of the sequential evaluation process, a claimant's impairment is compared to the Listings (20 C.F.R. Pt. 404, Subpt. P, App. 1). If the impairment is equal or medically equivalent to an impairment in the Listings, the claimant is presumed disabled. A plaintiff has the burden of proving that a Listing has been equaled or met. *Bowen v. Yuckert*, 482 U.S. at 140-42 (1987); *Williams v. Bowen*, 844 F.2d at 750-51 (10th Cir. 1988). To be found disabled based on the Appendix 1 Listing of Impairments, Plaintiff must show that her condition satisfies all of the specified medical criteria of a particular Listing. *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990) (impairment does not meet Listing if it has only some of the medical criteria, no matter how severe). In her decision, the ALJ is "required to discuss the

---

[1] *Disorders of the spine* (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With: A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine)…

evidence and explain why he found that [the claimant] was not disabled at step three." *Clifton v. Chater*, 79 F.3d 1007 (10th Cir. 1996).

In *Clifton* the ALJ did not discuss the evidence or his reasons for determining that the claimant was not disabled at step three, or even identify the relevant listing. The ALJ merely stated a summary conclusion that the claimant's impairments did not meet or equal any listed impairment.  In this case the ALJ failed to discuss why the elements of the appropriate listing were not met (TR. 14).  In short, the ALJ in this case made the same type of summary conclusion as the ALJ in *Clifton*.  In *Clifton*, the Tenth Circuit held that such a bare conclusion was beyond any meaningful judicial review.  *Clifton* at 1009.

In particular, the Tenth Circuit held as follows:

> Under the Social Security Act,
>
> [t]he Commissioner of Social Security is directed to make findings of fact, and decisions as to the rights of any individual applying for a payment under this subchapter.  Any such decision by the Commissioner of Social Security which involves a determination of disability and which is in whole or in part unfavorable to such individual shall contain a statement of the case, in understandable language, setting forth a discussion of the evidence, and stating the Commissioner's determination and the reason or reasons upon which it is based.
>
> 42 U.S.C. 405(b)(1). . . .
>
> This statutory requirement fits hand in glove with our standard of review.  By congressional design, as well as by administrative due process standards, this court should not properly engage in the task of weighing evidence in cases before the Social Security Administration.  42 U.S.C. 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). . . .  Rather, we review the [Commissioner's] decision only to determine whether his factual findings are supported by substantial evidence and whether she applied the correct legal standards. . .
>
> In the absence of ALJ findings supported by specific weighing of the evidence, we cannot assess whether relevant evidence adequately supports the ALJ's conclusion that [the claimant's] impairments did not meet or equal any Listed Impairment, and whether he applied the correct legal standards to

> arrive at that conclusion.  The record must demonstrate that the ALJ considered all of the evidence, but an ALJ is not required to discuss every piece of evidence. . . .  Rather, in addition to discussing the evidence supporting his decision, the ALJ also must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects. . . . Therefore, the case must be remanded for the ALJ to set out his specific findings and his reasons for accepting or rejecting evidence at step three.

*Clifton*, at 1009-10 (internal case citations omitted).

It is apparent from the ALJ's decision that she failed in her duty to discuss the evidence and explain why she found that Plaintiff was not disabled at step three. The ALJ offers only the following conclusory statement:

> The claimant has degenerative disc disease and had two surgeries to her neck. The claimant does not have findings of a loss of gait and station, nor are there findings of lack of gross and fine manipulation. There is no evidence of joint dysfunction or malformation. The claimant does not have consistent evidence of reflex loss, motor loss, sensory loss, muscle atrophy, or other findings to meet the requirements for listed musculoskeletal impairments

(TR. 14).  The ALJ's meager discussion of the evidence is wholly inadequate. The ALJ appears to misapply 1.04A by placing unwarranted significance on Plaintiff's ability to ambulate effectively or perform gross and fine manipulation (TR. 18).

The undersigned wishes to make it clear, however, that he is in no way expressing an opinion as to whether Plaintiff actually meets or equals Listing 1.04A.  Rather, the undersigned is simply recommending that this case be remanded so that the ALJ can adequately discuss her conclusions in connection with Listing 1.04A and link those conclusions to specific evidence in the medical record.  Only then can this Court review the ALJ's decision in connection with the relevant listing.

## II.    The ALJ's Credibility Determination.

Plaintiff also argues on appeal that the ALJ erred in her assessment of Plaintiff's credibility (See Plaintiff's Brief at pages 14-19). The legal standards for evaluating pain and credibility are

outlined in 20 C.F.R. §§ 404.1529(c), 416.929 and SSR 96-7p, and were addressed by the Tenth

Circuit Court of Appeals in *Luna v. Bowen*, 834 F.2d 161 (10th Cir. 1987). First, the asserted pain-

producing impairment must be supported by objective medical evidence. *Id.* At 163. Second,

assuming all the allegations of pain as true, a claimant must establish a nexus between the

impairment and the alleged pain.  "The impairment or abnormality must be one which `could

reasonably be expected to produce' the alleged pain." *Id.*  Third, the decision maker, considering

all of the medical data presented and any objective or subjective indications of the pain, must

assess the claimant's credibility.

> [I]f an impairment is reasonably expected to produce some pain,
> allegations of disabling pain emanating from that impairment are
> sufficiently consistent to require consideration of all relevant
> evidence.

*Id.* at 164.  In assessing the credibility of a claimant's complaints of pain, the following factors

may be considered.

> [T]he levels of medication and their effectiveness, the
> extensiveness of the attempts (medical or nonmedical) to obtain
> relief, the frequency of medical contacts, the nature of daily
> activities, subjective measures of credibility that are peculiarly
> within the judgment of the ALJ, the motivation of and relationship
> between the claimant and other witnesses, and the consistency or
> compatibility of nonmedical testimony with objective medical
> evidence.

*Hargis v. Sullivan*, 945 F.2d 1482, 1488 (10th Cir. 1991).  *See also Luna*, 834 F.2d at 165 ("The

Secretary has also noted several factors for consideration including the claimant's daily activities,

and the dosage, effectiveness, and side effects of medication.").

In *Kepler v. Chater*, 68 F.3d 387, (10th Cir. 1995), the Tenth Circuit determined that an

ALJ must discuss a Plaintiff's complaints of pain, in accordance with *Luna*, and provide the

reasoning which supports the decision as opposed to mere conclusions. *Id.* at 390-91.

> Though the ALJ listed some of these [Luna] factors, he did not
> explain why the specific evidence relevant to each factor led him to
> conclude claimant's subjective complaints were not credible.

*Id.* at 391. *Kepler* does not require a formalistic factor-by-factor recitation of the evidence. *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000). So long as the ALJ sets forth the specific evidence he relies on in evaluating the claimant's credibility, the dictates of *Kepler* are satisfied.  *Id* at 1372.

In this case, the ALJ did offer some discussion of Plaintiff's credibility (TR. 18). However, the ALJ ignores the analysis required by *Kepler* and neglects to provide a meaningful discussion which supports her reasoning. The ALJ offers only that

> After careful consideration of the evidence, the Administrative Law Judge finds that the claimant's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible to the extend they are inconsistent with the above residual function capacity assessment.
>
> The claimant testified that she filed her neck problems had been addressed and that she needed her shoulder and carpal tunnel problems addressed next. She returned to work after the surgery in October of 2006 on December 1, 2006 and worked through February, 2007. She was also paid a short term disability

(TR. 15). The ALJ's credibility analysis is insufficient according to *Kepler*. The province of the court is not to pan through the ALJ's decision hoping to find randomly dispersed nuggets of evidence which support the ALJ's formulaic credibility finding. On remand, the ALJ should analyze Plaintiff's credibility in accordance with *Luna* and *Kepler*, making express findings and citing specific evidence in the record which relates to Plaintiff's credibility.

**III.   The ALJ's RFC Determination.**

The ALJ's error at step three serves to taint her RFC determination, thus Plaintiff's remaining assertion of error will not be considered.

## RECOMMENDATION

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ and the pleadings and briefs of the parties, the undersigned magistrate judge finds that the decision of the Commissioner is not supported by substantial evidence and should be **REVERSED AND REMANDED for further administrative proceedings.**

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to file specific written objections to this Report and Recommendation. *See* 28 U.S.C. §636 and Fed. R. Civ. P. 72. Any such objections should be filed with the Clerk of the District Court by **July 16, 2012**. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED this 25th day of June 2012.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE